UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FINLEY B. FULTZ,

          Petitioner,

    v.

MARTIN GAMBOA,[1] Warden,

          Respondent.

No.  2:24-cv-02258-EFB (HC)

ORDER

Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent moves to dismiss the petition as premature.  ECF No. 9.  Petitioner has filed a response requesting that his petition be stayed instead of dismissed (ECF No. 15), and respondent has filed a reply.  ECF No. 17.  For the following reasons, respondent's motion is GRANTED.

**I.     Background and Procedural History**

Petitioner was convicted in the Superior Court for the County of Nevada of voluntary manslaughter and sentenced to a state prison term of twenty-two years.  ECF No. 10-1.  The trial court subsequently dismissed the charges against petitioner; the appellate court reversed the judgment of dismissal and remanded the matter to the trial court.  ECF No. 10-2.  Judgment was entered against petitioner on November 13, 2024.  ECF No. 10-3.

////

---

[1] Martin Gamboa is the current Warden at Avenal State Prison, where petitioner is incarcerated.  He is hereby substituted in for Shannon Moon as respondent in this matter.  *See* F.R.C.P. 25(d); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

1

Petitioner's notice of appeal was filed on January 10, 2025. ECF No. 10-4. The appeal remains pending. Petitioner has also filed a motion with the trial court to amend the judgment against him; on April 4, 2025, the court changed the deadline for fines and fees. ECF No. 10-5. On August 20, 2024, petitioner filed his federal petition for writ of habeas corpus. ECF No. 1.

**II.      Analysis**

Respondent moves to dismiss the petition on the grounds of *Younger* abstention, which requires federal courts to abstain from interfering with state criminal prosecutions except in exceptional circumstances where the danger of irreparable harm is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). *Younger* abstention in favor of a state proceeding is appropriate if the state proceedings: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to litigate the petitioner's federal claims. *Kenneally v. Lungren*, 967 F.2d 329, 331-32 (9th Cir. 1992). When a federal court abstains from hearing a case under the *Younger* principle, it must dismiss the pending action without prejudice. *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988).

Respondent is correct that *Younger* abstention applies here. First, petitioner's state criminal proceedings are ongoing due to the pending direct appeal. ECF No. 10-4; *see Roberts v. Dicarlo*, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2003) (finding state proceedings ongoing where petitioner was awaiting state appellate court's decision on his direct appeal at the time he filed federal petition); *Bennett v. Fisher*, 2015 WL 6523689, *2 (E.D. Cal. Oct. 27, 2015) (same). Second, California has "an important interest in passing upon and correcting violations of a defendant's rights." *Roberts,* 296 F.Supp.2d at 1185. And third, the California state courts provide an adequate forum in which petitioner may pursue his claims. *See id.* When the state proceedings have concluded and his conviction becomes final, petitioner may seek federal habeas relief.

Given that the *Younger* requirements are met in the present case, abstention is required unless extraordinary circumstances exist. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 n. 22 (1976) (finding that, if conditions are met, *Younger* abstention is not discretionary). Here, nothing in the petition or in the record presents exceptional

circumstances showing the danger of great and immediate irreparable harm. *See Younger*, 401 U.S. at 45-46.

Petitioner does not deny that his state criminal proceedings are ongoing; rather, he requests that in lieu of dismissal, this court stay the federal proceedings while his state proceedings move forward. ECF No. 15. Petitioner maintains that without a stay, he may forfeit his opportunity for federal review under the one-year Anti-terrorism and Effective Death Penalty Act ("AEDPA") limitations period. Petitioner, however, is incorrect. Under AEDPA, a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review or the expiration of the time for seeking such review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002). Here, it is undisputed that petitioner's direct review proceedings were still ongoing at the time the federal petition was filed, and thus AEDPA's one-year limitations period has not begun to run. Therefore, petitioner will not be barred from seeking federal review when his state proceedings end. *See Roberts*, 296 F. Supp.2d at 1185-86 (stating that *Younger* abstention "does not bar federal review in the future; rather, it delays consideration of the claim until such time as federal review will not disrupt the state judicial process").

**III.    Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that respondent's motion to dismiss (ECF No. 9) is granted and the petition (ECF No. 1) is dismissed, without prejudice, as premature. *See* 28 U.S.C. § 2254(a); *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court should dismiss the action). The court declines to issue a certificate of appealability.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

Dated:  February 9, 2026

3